**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WAREHOUSE UNION LOCAL 6, INTER-NATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION, Respondent.**

No. 21336.

United States Court of Appeals
Ninth Circuit.

May 12, 1967.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Mar-

cel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Solomon I. Hirsh, Attys., NLRB, Washington, D. C., Roy O. Hoffman, Director, NLRB, San Francisco, Cal., for appellant.

Aubrey Grossman, San Francisco, Cal., St. Sure, Moore & Corbett, Oakland, Cal., for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

The Labor Board seeks to enforce its order against respondent union pursuant to section 10(e) of the Labor-Management Relations Act, 29 U.S.C. 160(e).[1] The union is charged with violating §§ 8(b) (4) (i) (B) and 8(b) (4) (ii) (B) of the Act (secondary boycott) in its relations with an employer, Hershey Chocolate Corporation, and Encinal Terminals, serving Hershey as an independent contractor.

Respondent does not question the fact that it engaged in conduct prohibited by the secondary boycott sections. Rather, it attacks these sections, and would have us declare them unconstitutional because the garment industry is exempted from coverage while other similarly situated industries enjoy no exemption.

■ As there is no equal protection clause in the Fifth Amendment, respondent must show that limitation of the secondary boycott exemption to the garment industry is such a gross discrimination as to constitute a denial of due process under the Fifth Amendment. It has failed to do so. While it is not easy to see why the exemption granted to the garment industry was not extended to other similarly situated industries, this is not the sort of area where a court is competent to question the plenary power of Congress. Brown v. Local No. 17, Amalgamated Lithographers of America,

180 F.Supp. 294 (N.D.Calif.).[2] In any case, as respondent does not claim that the warehouse industry operates under conditions similar to those found in the garment industry, it is clear that respondent is not discriminated against by the garment industry exemption.

Affirmed.

---

1. The N.L.R.B. order is reported at 153 N.L.R.B. 1051.

2. See decisions holding that industry exemptions from § 8(e) (hot cargo) of the Act do not violate the due process clause of the Fifth Amendment. Employing

Lithographers of Greater Miami v. N. L. R. B., 5 Cir., 301 F.2d 20; N. L. R. B. v. Amalgamated Lithographers, 9 Cir., 309 F.2d 31, cert. denied 372 U.S. 943, 83 S. Ct. 936, 9 L.Ed.2d 968; Truck Drivers Union Local 413, etc. v. N. L. R. B., 118 U.S.App.D.C. 149, 334 F.2d 539.